UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

KLEIN INVESTIGATIONS AND          §
CONSULTING, A DIVISION OF KLEIN   §
INVESTMENTS, INC.                 §
                                  §
VS.                               §
                                  §        CASE NO. _____
KALLOP ENTERPRISES, LLC, OFFSHORE §
EXPRESS, INC., OFFSHORE SPECIALTY §
FABRICATORS, LLC (OSF), OFFSHORE  §
INTERNATIONAL GROUP, OFFSHORE     §
SHIPBUILDING, INC., AVID, LLC, AVID §
AIR, LLC, FAIRWAYS, INC., FAIRWAYS §
EXPLORATION AND PRODUCTION, LLC,  §
PISCO PORTON, LLC, AND FS AIR     §
SERVICE, INC.                     §

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, KLEIN INVESTIGATIONS & CONSULTING, A DIVISION OF KLEIN

INVESTMENTS, INC., files Plaintiff's Original Complaint, complaining of

Defendants KALLOP ENTERPRISES, LLC, OFFSHORE EXPRESS, INC.,

OFFSHORE SPECIALTY FABRICATORS, LLC (OSF), OFFSHORE INTERNATIONAL

GROUP, OFFSHORE SHIPBUILDING, INC., AVID, LLC, AVID AIR, LLC,

FAIRWAYS, INC., FAIRWAYS EXPLORATION AND PRODUCTION, LLC, PISCO

PORTON, LLC AND FS AIR SERVICE, INC., COLLECTIVELY, and for a cause of

1

action would show the following:

## PARTIES

1.      Plaintiff, KLEIN INVESTIGATIONS & CONSULTING, is a company doing business in Jefferson County, Texas and is appearing in court through its attorney of record.

2.      Defendant, KALLOP ENTERPRISES, LLC, a Texas company, can be served with process through its registered agent, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

3.      Offshore Express, Inc., a Louisiana company, is not in good standing and can be served with process through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

4.      Offshore Specialty Fabricators, LLC (OSF), is a Louisiana company and can be served with process through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

5.      Offshore International Group, is a business no longer in good standing and can be served with process through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

6.      Offshore Shipbuilding, Inc., is a business no longer in good standing and can be served with process through, Tambrey T. Naron, 13430

Northwest Freeway, Suite 900, Houston, Texas 77040.

7.      Avid, LLC, is an inactive business that can be served through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

8.      Avid Air, LLC, a Florida company, can be served with process through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

9.      Fairways, Inc., a Texas company, can be served with process through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

10.     Fairways Exploration and Production, LLC, a Texas company, can be served with process through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

11.     Pisco Porton, LLC, a Texas company, can be served with process through, Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

12.     FS Air Service, Inc., an Alaska company, can be served with process through Tambrey T. Naron, 13430 Northwest Freeway, Suite 900, Houston, Texas 77040.

JURISDICTION AND VENUE

13.    This Court has jurisdiction over the Parties, the subject matter and the causes of action pursuant to federal diversity jurisdiction.  28 U.S.C. § 1332.  The amount in controversy exceeds $75.000.00.  This lawsuit is between parties of different states.  Venue is appropriate in this District and Division of Federal Court.

BACKGROUND FACTS

14.    On or about January 1, 2007 the Kallop companies (i.e., the Defendants, collectively called the "Kallop Group" or "Kallop Companies"), contracted with Plaintiff for Plaintiff to provide investigation work, personal protection work, assistance with governmental agencies, Homeland Security coordination monitoring, personal protection for the principals being William Kallop and Cristina Kallop, and their immediate family, Maritime Monitoring of Kallop Group vessels, aircraft monitoring and coordination with the FAA of five (5) aircraft, asset monitoring that included without limitation homes in Houston, Texas, Manalapan, Florida, Dominican Republic, Europe, Peru, and other business assets in Houma, Louisiana.  Plaintiff was also placed in charge of monitoring executives in the following companies: Offshore Express, Inc., OSF-LLC,

Avid, LLC, Avid Air, LLC, Offshore International Group, Fairways, Inc., Offshore Shipbuilding, Inc., Fairways Exploration and Production, LLC, Pisco Porton, LLC, FS Air Service, Inc., and other such companies and their executives.

15.    Plaintiff provided its services to the Kallop Group, and the Kallop Group accepted Plaintiff's services.  The Defendants made payments to Plaintiff for the amounts owed for Plaintiff's services rendered to Defendants, but starting in 2016 Defendants have defaulted on their payments and refused to make additional payments to Plaintiff.  The remaining principal balance currently due to Plaintiff from the Defendants on this account is $262,767.27.  The late fees are in the amount of $26,276.73, for a total amount of principal and late fees owed of $289,044.00, after all just and lawful offsets, payments and credits have been allowed.  See Exhibit "1."  Additionally, the Defendants owe Plaintiff accrued interest to date of $14,982.00.  Plaintiff has properly presented its claim for payment and demanded that the Defendants pay these amounts, but the Defendants have not done so.

16.    Plaintiff, therefore, sues the Defendants, jointly as a single enterprise, for breach of contract.  Plaintiff would show that it entered

into a written contract with "the William Kallop companies," which include the companies and organizations sued as the Defendants in this lawsuit, otherwise known as the Kallop Group. Plaintiff rendered services to these Defendants collectively, and Defendants collectively accepted Plaintiff's services. Plaintiff did not enter into a separate contract with each of these companies, since all of Plaintiff's services were provided under one, master contract. Until 2016, payment was always made properly to Plaintiff by "The Kallop Companies," for services that Plaintiff rendered collectively to all of the Defendants. Defendants conducted their business with Plaintiff as a joint or single enterprise comprised collectively of all Defendants, who are all related companies operating as a single enterprise. As such, joint liability, or single enterprise liability, is appropriate in this case, because all Defendants acted as a single entity vis-a-vis Plaintiff and all Defendants accepted the services rendered by Plaintiff. Further, if joint liability is not imposed upon Defendants, it would be a severe injustice fo Plaintiff.

17.   Plaintiff, therefore, can show: (1) the existence of a contractual agreement; (2) Plaintiff rendered services to Defendants; (3) proper presentation of Plaintiff's claim for payment under the contract; (4) breach

of the contract by Defendants due to the failure of providing payment to Plaintiff by the Defendants; (5) actual damages sustained by the Plaintiff consisting of the principal amount owed, plus late fees and interest owed to date by Defendants; and (6) consequential damages sustained by Plaintiff that include without limitation, Plaintiff having to borrow money from its lines of credit at higher interest rates, in order to continue to fund Plaintiff's operations in a successful manner, travel and payroll expenses to provide Plaintiff's services to Defendants, and Plaintiff's other operational expenses that were necessary for Plaintiff to provide its services to Defendants. Plaintiff, therefore, seeks to recover all its actual damages proximately caused by the Defendants' breach of contract, including the amounts set forth above, and any consequential damages proximately flowing from the Defendants' breach of contract. Plaintiff estimates its consequential damages at this time are approximately $50,000.00, and continue to increase over time due to non-payment by the Defendants.

18. Plaintiff also seeks to recover all its reasonable and necessary attorneys' fees, costs and expenses incurred pursuant to the Tex. Civ. Prac. & Rem. Code §38.001(1) & (8), for prosecuting this breach of contract

cause of action against the Defendants for the services rendered by the Plaintiff. Plaintiff is seeking recovery of its reasonable and necessary attorneys' fees at the rate of $250.00 per hour through trial and for any necessary appeals. At the appropriate time, Plaintiff will present an itemized invoice of services to substantiate and support Plaintiff's claim for the recovery of its reasonable and necessary attorneys' fees, costs and expenses incurred in collecting this debt owed by the Defendamts. Plaintiff reasonably anticipates that its reasonable and necessary attorneys' fees, costs and expenses incurred through a trial of this case should be between $50,000.00 to $75,000.00, or possibly more based upon the work involved. Plaintiff reasonably anticipates that its reasonable and necessary attorneys' fees, costs and expenses incurred through any necessary appeals of this case will be approximately $20,000.00 to $30,000.00, or possibly more based upon the amount of work involved, conditioned on success on appeal.

19.   For all such damages, relief and monetary recovery, Plaintiff now sues. Plaintiff seeks a total monetary recovery at the time of filing this lawsuit in the amount of $404,026.00.

20.   All conditions precedent to Plaintiff bringing this lawsuit have

occurred or have been waived by Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Kallop Enterprises, LLC, Offshore Express, Inc., Offshore Specialty Fabricators, LLC (OSF), Offshore International Group, Offshore Shipbuilding, Inc., Avid, LLC, Avid Air, LLC, Fairways, Inc., Fairways Exploration and Production, LLC, Pisco Porton, LLC, and FS Air Service, Inc. be cited to appear and answer herein, that Plaintiff recover its actual damages, consequential damages, reasonable and necessary attorneys' fees, costs and expenses, and for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

/s/ John S. Morgan
JOHN S. MORGAN
State Bar No. 14447475
Morgan Law Firm
2175 North Street, Suite 101
Beaumont, Texas 77701
(409) 239-5984
(409) 835-2757 facsimile
Jmorgan@jsmorganlaw.com
Attorney for Plaintiff

PLAINTIFF REQUESTS A TRIAL BY JURY

# EXHIBIT "1"

*Klein Investigations and Consulting*
*A Division Of Klein Investments, Inc.*
*P.O. Box 1212*
*Nederland, Texas 77627*

**Invoice No.** **2016-01-055**

# INVOICE

| Customer | | Misc | |
|---|---|---|---|
| Name | Kallop Companies / through William Kallop and Family | Date | 1/11/2017 |
| Address | 13430 Northwest Freeway Suite 900 | Order No. | 16-055 (a) |
| City | Houston     State Tx     ZIP 77040 | Rep | KIC - NED |
| Phone | | FOB | Ned Tx Office |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| 1 | 2016 1st Half Retainer - Partial Paid | $ 160,000.00 | $    160,000.00 |
| 1 | 2016 2nd Half Retainer - July 2016 - Not Paid | $ 160,000.00 | $    160,000.00 |
| -1 | Payment - Wire Transfer April 2016 | $  50,000.00 | $    (50,000.00) |
| -1 | Discount From Not Used Retainer | $   7,232.73 | $     (7,232.73) |
| 1 | Late Fee Per Contract For Non - Payment Terms 10% | $  26,276.73 | $     26,276.73 |
| | Routing Instructions : 313177727 Account : 10100000102024 Klein Investments, Inc. | | |

| | | SubTotal | $    289,044.00 |
|---|---|---|---|
| | | Shipping | |

| Payment | Other | | |
|---|---|---|---|
| | | Tax Rate(s) | |
| Comments | | | |
| Name | | **TOTAL** | $    289,044.00 |
| CC # | | | |
| Expires | | The Kallop Compaines | |

*Our Tax ID Number is 76-0439162*
*Do You Have Questions? Please Call 409-729-8798*
*All Invoices Are Due Upon Reciept*

*Thank You For Your Business!*